**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

WILLIAM CONEY,                              ) No. 12-4405-SVW (AS)
                                           )
                    Plaintiff,             ) **ORDER DISMISSING THIRD AMENDED**
            v.                             ) **COMPLAINT WITH LEAVE TO AMEND**
                                           )
LEROY BACA, et al.,                        )
                                           )
                    Defendants.            )
_____   )


**INTRODUCTION**

On May 30, 2012, pro se Plaintiff William Coney, an inmate at the Los Angeles County Sheriff's Department Men's Central Jail ("MCJ"), filed a Complaint, pursuant to 42 U.S.C. § 1983 alleging failure to train, denial of accommodations for disabled inmates, and deliberate indifference claims against Los Angeles County Sheriff Leroy Baca, the Los Angeles County Board of Supervisors ("Board"), Dr. Zasorian (a medical doctor at the MCJ), the County of Los Angeles, and "Doe" Sheriff's Deputies 1-10 (Docket Entry No. 3). On July 3, 2012, pursuant to the congressionally-mandated screening of civil actions brought by prisoners seeking redress from governmental

1

1   entities or employees, see 28 U.S.C. § 1915A(a), the Court dismissed
2   the Complaint with leave to amend due to various defects in pleading.
3   (See Order Dismissing Compl., Docket Entry No. 5.)

4

5       On August 3, 2012, Plaintiff filed a First Amended Complaint
6   ("FAC") (Docket Entry No. 6) naming the same Defendants and stating
7   allegations that were substantially similar to those of the
8   Complaint, along with a wide range of other purported conduct on the
9   part of MCJ employees.  On December 10, 2012, the Court dismissed the
10  FAC with leave to amend for essentially the same reasons the Court
11  dismissed the original Complaint.  (See Order Dismissing FAC, Docket
12  Entry No. 7.)

13

14      On March 11, 2013, Plaintiff filed a Second Amended Complaint
15  ("SAC") (Docket Entry No. 11) naming Sheriff Baca, the Board, Dr.
16  Nickolay Teophelov (MCJ's Chief Medical Surgeon), and Sheriff's
17  Deputies Tia Taylor and J. Moore as Defendants.  In the SAC,
18  Plaintiff alleged MCJ employees had assaulted him, planted contraband
19  in his cell, denied him proper medical care, and engaged in a
20  multitude of other forms of misconduct.  On April 30, 2013, the Court
21  again dismissed Plaintiff's then-operative pleading for essentially
22  the same reasons the Court had dismissed the original Complaint.
23  (See Order Dismissing SAC, Docket Entry No. 13.)  The Court found
24  that Plaintiff had failed to state a claim against Dr. Teophelov in
25  his individual capacity because he had not made a showing of
26  Teophelov's personal participation in any action that violated
27  Plaintiff's constitutional rights.  (Id. at 2-3.)  The Court also
28  found that Plaintiff similarly failed to state a claim against

Sheriff Baca in his individual capacity because he had failed to allege that Sheriff Baca had engaged in any conduct giving rise to Plaintiff's claimed constitutional violations. (Id. at 3-4.)  The Court further found that Plaintiff had failed to state a claim against any Defendants in their official capacities because he had not established any link between any official custom or practice and the alleged wrongful conduct. (Id. at 4-6.)  The Court granted Plaintiff leave to amend with respect to the remaining Defendants and cautioned Plaintiff to abide by Federal Rule of Civil Procedure 8 in submitting any Third Amended Complaint to cure the deficiencies in the SAC. (Id. at 7.)

On June 5, 2013, Plaintiff filed a Third Amended Complaint ("TAC") (Docket Entry No. 14) naming the following Defendants: Sheriff Baca, Dr. Teophelov, Sheriff's Deputies Tia Taylor and James Moore,[1] "Doe" Sheriff's Deputies 1-20, and the Board. (TAC 3-4.) Baca, Teophelov, and the Board are named in their individual capacities, while the remaining Defendants are sued in both their individual and official capacities. (See id.)  The Court has screened the TAC as prescribed by 28 U.S.C. § 1915A(b) and 42 U.S.C. § 1997e.

---

[1] Although the SAC named Deputy "J. Moore" as a Defendant, (SAC 4), the TAC omits Deputy "J. Moore" from the list of Defendants and instead sues Deputy "James Moore." (See TAC 3-4.)  Nevertheless, the TAC alleges that Deputy "J. Moore" assaulted him in December of 2011. Given the liberal construction the Court must give to pro se complaints, see Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010), the Court proceeds on the assumption that Deputy "James Moore" and Deputy "J. Moore" are both the same individual.

**ALLEGATIONS OF THE THIRD AMENDED COMPLAINT**

The Court has thoroughly reviewed the TAC and, out of an abundance of caution, also reviewed Plaintiff's prior complaints (Docket Entry Nos. 3, 6, 11).  The Court notes that although the TAC does not reiterate Plaintiff's allegations concerning the deputies' alleged interference with his ability to attend sentencing hearings, (see FAC 16-17; SAC 17, 20-21, 24-25), it restates many of the same allegations addressed in the SAC.  (See, e.g., TAC 20-21, 23 (restating the purported November and December assaults).)  As did the FAC and SAC, the TAC alleges a multitude of misconduct on the part of MCJ employees including but not limited to: unnamed deputies planted contraband in Plaintiff's cell as a pretext to initiate disciplinary proceedings against Plaintiff, (see id. at 13-14); MCJ employees assaulted Plaintiff, (see id. at 20-21, 23); an MCJ doctor denied Plaintiff purportedly necessary medical care, (see id. at 21); and another MCJ doctor moved Plaintiff out of a cellblock designed for disabled inmates in retaliation for filing grievances against MCJ officials.  (See id. at 5, 10, 11.)

**DISCUSSION**

Congress mandates that district courts initially screen civil complaints filed by prisoners seeking redress from a governmental entity or employee.  28 U.S.C. § 1915A(b).  This Court may dismiss such a complaint, or any portion thereof, before service of process, if the Court concludes that the complaint (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be

4

granted; or (3) seeks monetary relief from a defendant who is immune from such relief.   28 U.S.C. § 1915A(b)(1)-(2); see also Lopez v. Smith, 203 F.3d 1122, 1126-27 & n.7 (9th Cir. 2000) (en banc).

To state a claim for which relief may be granted, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009).   In addition, the court must interpret a pro se complaint liberally and construe all material allegations of fact in the light most favorable to the plaintiff. See Hebbe, 627 F.3d at 342 ("[A] complaint [filed by a pro se prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'") (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam)).   However, the court does not have to accept as true mere legal conclusions. See Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").   Furthermore, in giving liberal interpretation to a pro se complaint, the court may not supply essential elements of a claim that were not initially pled. Pena v. Gardner, 976 F.2d 469, 471-72 (9th Cir. 1992).

A.   The Third Amended Complaint Fails To State A Claim For Excessive Force Relating To The Purported November 28, 2011 Assault

Plaintiff's excessive force claim is based on his allegation that while Senior Deputy Taylor and Custodial Assistant Garcia escorted him to an MCJ medical facility on November 28, 2011, Plaintiff "was shoved in the lower part of [his] back[,] and sent sprawling face-first down a moving escalator with [his] hands secured behind [his] back by handcuffs." (TAC 20-21.)  Plaintiff alleges that his fall caused him to "bleed[ ] from numerous cuts and gashes."[2]  (TAC 21.)

Section 1983 permits recovery for excessive force causes of action asserted by pretrial detainees.  See Graham v. Connor, 490 U.S. 386, 395 n.10 (1989) (citing Bell v. Wolfish, 441 U.S. 520, 535-39 (1979)) ("It is clear . . . that the Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment.").  Yet, Plaintiff's failure to identify the MCJ employee who shoved him is fatal to his potential claim.

Although not binding in this Circuit, the Court finds the Second Circuit's decision in Arar v. Ashcroft persuasive. 585 F.3d 559 (2d Cir. 2009) (en banc).  There, Arar filed a Bivens action against several federal officials.  See id. at 567, 569.  In one of the

_____

[2] Plaintiff attached as an Exhibit to his SAC a medical record that states that on November 28, 2011, MCJ medical personnel treated Plaintiff for abrasions on his knees and his right hand.  (See SAC 52.)

6

counts of Arar's complaint, he asserted "'Defendants'-undifferentiated" had denied him his due process right of access to the courts. Id. at 569. "[The plaintiff] allege[d] (in passive voice) that his requests to make phone calls 'were ignored,' and that 'he was told' that he was not entitled to a lawyer, but he fail[ed] to link these denials to any defendant, named or unnamed." Id. The court concluded that this failure rendered the count defective such that it failed to state a claim for relief. See id.

Plaintiff's potential excessive force claim is analogous to Arar's allegations. Here, Plaintiff also sues government officials for violating his civil rights. He too "fails to link [the assault] to any defendant, named or unnamed" and uses the passive voice to state his allegations. Therefore, if Plaintiff wishes to pursue a claim for excessive force, he should not only restate these allegations, but also identify the MCJ employee(s) who allegedly assaulted him as Defendant(s) in his Fourth Amended Complaint. If Plaintiff is unaware of the identities of such Defendant(s), he should state this fact in his Fourth Amended Complaint and name "Doe" Defendant(s).[3] See Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (use of "Doe" Defendants is permissible in certain circumstances).

_____

[3] However, before the Court can order service of process by the United States Marshal upon any fictitious defendant, Plaintiff must provide identifying information sufficient to permit the United States Marshal to effect service of process upon the defendant, including the defendant's name and address.

1

      B.   <u>Plaintiff's Claim Against Deputy J. Moore Passes Screening</u>

2

3        Plaintiff avers that he was again assaulted on December 19, 2011

4 when, after Dr. Wilmore, an MCJ physician, had a verbal altercation

5 with Plaintiff, Wilmore told deputies to "[g]et him[,]" thus

6 directing the deputies to attack Plaintiff. (<u>See</u> TAC 23.) According

7 to the TAC, Deputy J. Moore then put Plaintiff in a "sleeper hold."

8 (TAC 23.) Dr. Wilmore told deputies to "[b]reak [Plaintiff's] leg."

9 (<u>Id.</u>) Upon hearing these instructions, Deputy Moore placed his knee

10 on Plaintiff's back while an unnamed deputy stomped on and injured

11 Plaintiff's leg. (<u>See id.</u>)

12

13        Here, Plaintiff does allege that Defendant Moore engaged in

14 specific misconduct that harmed him (*i.e.*, Moore's alleged assault on

15 Plaintiff). Therefore, that claim does pass the Court's

16 congressionally-mandated screening. However, to the extent that

17 Plaintiff wishes to recover against any other persons for the alleged

18 December 2011 assault, Plaintiff has failed to state a claim for

19 relief. Specifically, Plaintiff's claim for excessive force does not

20 name Dr. Wilmore as a Defendant nor does it identify the deputy who

21 purportedly stomped on his leg. If Plaintiff wishes to attribute

22 this conduct to a "Doe" Defendant, he should explicitly state that in

23 his Fourth Amended Complaint. Furthermore, Plaintiff should also

24 attach to the Fourth Amended Complaint any documents that would

25 substantiate such an excessive force claim (*e.g.*, medical records

26 concerning the incident in question).[4]

27

28      [4] Plaintiff is again warned that if he does file a Fourth Amended
Complaint, he should restate his averments against Deputy J. Moore in

1          C.    The Third Amended Complaint Fails To State Claims Against

2               Defendants Baca, Neophelov, And The Board

3

4        Plaintiff's allegations against Defendants Baca, Neophelov, and

5    the Board fail to state claims upon which relief can be granted for

6    the same reasons that the SAC failed to state such claims against

7    these Defendants.  To that end, the Court incorporates by reference

8    its prior Order dismissing the SAC, which fully articulated the

9    reasons why the asserted claims against these Defendants fail.  (See

10   Order Dismissing SAC 2-6, Docket Entry No. 13.)

11

12       In the Order dismissing the SAC, the Court explained that "for a

13   person acting under color of state law to be liable under section

14   1983[,] there must be a showing of *personal participation* in the

15   alleged rights deprivation: there is no respondeat superior liability

16   under section 1983." (Id. at 2 (quoting Jones v. Williams, 297 F.3d

17   930, 934 (9th Cir. 2002)) (internal quotation marks omitted).)

18   Furthermore, the Court warned Plaintiff that "[c]onclusory

19   allegations that a defendant violated a civil right are not

20   acceptable and will be dismissed." (Id. at 7.)  Plaintiff was

21   instructed that he needed to "affirmatively link the conduct of

22   [each] defendant with the specific injury suffered by Plaintiff."

23   (Id.)

24

25       The TAC fails to allege that Baca, Neophelov, and the Board

26   engaged in any conduct that injured Plaintiff, beyond conclusory

27

28   the new filing, otherwise that claim will have no legal effect.  See
     Ferdik, 963 F.2d at 1262.

statements.   For example, Plaintiff alleges that "Leroy [B]aca was
made personally aware [that MCJ staff had threatened and assaulted
Plaintiff] and other egregious violations, but since he had already
condoned thru [sic] his actions a culture of abuse, he 'naturally'
ignored these and other attempts to get him to act to prevent further
such abuses by his employ[ees]."   (TAC 11.)   Plaintiff further avers
that "[t]his was and is clearly and unequivocally 'conspiratorial
dereliction of duty' thru [sic] a 'failure to act' by Sheriff Leroy
[B]aca, his administrative staff . . . and other subordinate staff
. . . in a conscious and deliberate effort to avoid the diligent
performance of their duties."   (Id.)   As set forth in the Court's
previous order, such allegations are insufficient to state claims for
relief.   (Order Dismissing SAC 4, Docket Entry No. 13); see also
Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp
v. Twombly, 550 U.S. 544, 570 (2007)) ("[A] complaint must contain
sufficient factual matter, accepted as true, to 'state a claim to
relief that is plausible on its face.'").

     The Court has offered Plaintiff several opportunities to clarify
and properly plead his claims against Baca, Neophelov, and the Board.
Yet, the TAC, which is the fourth complaint filed by Plaintiff,
continues to suffer from the same defects as Plaintiff's previous
complaints.   (See Order Dismissing Compl., Docket Entry No. 5; Order
Dismissing FAC, Docket Entry No. 7; Order Dismissing SAC, Docket
Entry No. 13.)   Dismissal with prejudice of Plaintiff's defective
claims is therefore proper and preserves those claims for appeal.
See Lacey v. Maricopa Cnty., 693 F.3d 896, 928 (9th Cir. 2012) ("For
claims dismissed with prejudice and without leave to amend, we will

10

not require that they be repled in a subsequent amended complaint to preserve them for appeal.").

Therefore, because Plaintiff has failed to properly state a claim against Defendants Baca, Neophelov, and the Board and has been afforded several opportunities to properly plead these claims, it appears that any further amendment would be futile and these claims should be dismissed with prejudice. See Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002) (court may dismiss action for failure to follow court order); Simon v. Value Behavioral Health, Inc., 208 F.3d 1073, 1084 (9th Cir. 2000) (affirming dismissal without leave to amend where plaintiff failed to correct deficiencies in complaint, where court had afforded plaintiff opportunities to do so, and where court had given plaintiff notice of the substantive problems with his claims), amended by 234 F.3d 428, overruled on other grounds by Odom v. Microsoft Corp., 486 F.3d 541 (9th Cir. 2007); Plumeau v. Sch. Dist. #40 Yamhill Cnty., 130 F.3d 432, 439 (9th Cir. 1997) (denial of leave to amend appropriate where further amendment would be futile).

    D.    The Third Amended Complaint Fails To State A Claim Against
          Defendants In Their "Official" Capacities

    In the Order dismissing the SAC, the Court explained that "official capacity suits filed against state officials are merely an alternative way of pleading an action against the entity of which the defendant is an officer." (Order Dismissing SAC 4, Docket Entry No. 13 (citing Hafer v. Melo, 502 U.S. 21, 27 (1991)).) Furthermore, the

11

Court made clear that "[a] local government entity, . . . 'may not be sued under § 1983 for an injury inflicted solely by its employees or agents.   Instead, it is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983.'"   (Id. (alteration in original) (quoting Monell v. Dep't of Soc. Servs. of N.Y., 436 U.S. 658, 694 (1978).) Because the SAC had not identified any government policy or custom that inflicted Plaintiff's purported injuries, the Court dismissed the SAC's claims against Defendants in their official capacities. (Id.)

The TAC also fails to allege that Plaintiff's purported injuries were the result of a policy or custom.   Moreover, this is the fourth time that Plaintiff has failed to properly allege the existence of such a policy or custom.   (See Order Dismissing Compl., Docket Entry No. 5; Order Dismissing FAC, Docket Entry No. 7; Order Dismissing SAC, Docket Entry No. 13.)   Therefore, the official capacity claims against Sheriff's Deputies Taylor and Moore and the "Doe" Deputies should also be dismissed with prejudice.

E.   The Remaining Allegations In The Third Amended Complaint
     Fail To Comply With Federal Rule Of Civil Procedure 8

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon

12

which it rests.'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Here, "[t]he Court has warned Plaintiff on *multiple* occasions about the importance of abiding by the strictures of Rule 8." (Order Dismissing SAC 6, Docket Entry No. 13 (emphasis in original).) Nonetheless, the balance of the TAC's allegations, which concern a wide range of purported conduct on the part of MCJ employees, are conclusory, incoherent, or plainly without merit.  For instance, the TAC alleges that the MCJ staff decision to move Plaintiff out of a cellblock designed for disabled inmates "[had] [t]he effect of . . . allow[ing] custody . . . freedom, or license[,] to engage in open retaliation against Plaintiff (WILLIAM CONEY) by using denial of medical treatment . . . and ADA accommodations . . . as a means of punishment." (TAC 10.)  Thus, the remaining allegations do not comply with the standards set forth in Rule 8 and should also be dismissed with prejudice.

**ORDER**

Based on the course of this litigation, it appears that Plaintiff may be unwilling or unable to amend his pleading to state cognizable claims for relief against Defendants Sheriff Baca, Dr. Teophelov, and the Board and official capacity claims against Deputy Taylor, Deputy Moore, and the "Doe" Deputies. (See Docket Entry Nos. 3, 6, 11, 14).  Accordingly, these claims are dismissed with prejudice.

The Court's review of the Third Amended Complaint reveals that Plaintiff may have two potential claims for relief against MCJ employees: (1) the purported November 28, 2011 assault; and (2) the purported December 19, 2011 assault.  The Court will grant Plaintiff leave to amend so that, if Plaintiff still wishes to pursue this action, he is granted **thirty (30) days** from the date of this Memorandum and Order within which to file a Fourth Amended Complaint that adheres to this Court's Order.  The Fourth Amended Complaint shall not contain any claim the Court has dismissed without leave to amend.  The Fourth Amended Complaint shall be complete in itself and shall not refer in any manner to any prior Complaint.  Failure to file a timely Fourth Amended Complaint which states a cognizable claim for relief may result in the dismissal of this action.  See Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002) (court may dismiss action for failure to follow court order); Simon v. Value Behavioral Health, Inc., 208 F.3d 1073, 1084 (9th Cir. 2000) (affirming dismissal without leave to amend where plaintiff failed to correct deficiencies in complaint, where court had afforded plaintiff opportunities to do so, and where court had given plaintiff notice of the substantive problems with his claims), amended by 234 F.3d 428, overruled on other grounds by Odom v. Microsoft Corp., 486 F.3d 541 (9th Cir. 2007); Plumeau v. Sch. Dist. #40 Yamhill Cnty., 130 F.3d 432, 439 (9th Cir. 1997) (denial of leave to amend appropriate where further amendment would be futile).

14

Plaintiff's remaining allegations, with the exception of the aforementioned excessive force claim against Deputy J. Moore,[5] are unviable and are also dismissed with prejudice.


IT IS SO ORDERED.


Dated: October 9, 2013

_____
STEPHEN V. WILSON
United States District Judge


Presented by:



/s/
_____
ALKA SAGAR
United States Magistrate Judge

---

[5] See supra note 4 & accompanying text.

15